# EXHIBIT 1

| | **SUM-100** |
|---|---|

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FISERV CORPORATION, a Florida Corporation registered and doing business in California; and
CARDCONNECT, a California Corporation, and DOES 1 through 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALESSANDRO PIROZZI, an individual; PIROZZI ENTERPRISES, LLC, a California Limited Liability
Corporation, dba SALERNO; CHEF ALESSANDRO PIROZZI, INC., a California corporation dba ALESSA;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: Judge Glenn Salter<br>*(El nombre y dirección de la corte es):* 700 W Civic Center Drive<br>Santa Ana CA 92701 | CASE NUMBER: *(Número del Caso):*<br>30-2021-01232995-CU-FR-NJC |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Majid Foroozandeh, Esq.; 23461 South Pointe Drive Suite 385 Laguna Hills, Ca 92653; 949-336-8505

| DATE: 11/24/2021 '21<br>*(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* Arlene Gill | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)　　☐ CCP 416.60 (minor)
   　　　 ☐ CCP 416.20 (defunct corporation)　☐ CCP 416.70 (conservatee)
   　　　 ☐ CCP 416.40 (association or partnership)　☐ CCP 416.90 (authorized person)
   　　　 ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

| | Page 1 of 1 |
|---|---|

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

LAW OFFICES OF FOROOZANDEH, APC.
**MAJID FOROOZANDEH, ESQ.** (SBN: 248685)
23461 SO. POINT DR., STE 385
LAGUNA HILLS, CALIFORNIA 92653
TELEPHONE:    (949) 336-8505

ATTORNEY FOR THE PLAINTIFFS

**SUPERIOR COURT OF THE STATE CALIFORNIA**
**FOR THE COUNTY OF ORANGE**

| | |
|---|---|
| ALESSANDRO PIROZZI, an individual; PIROZZI ENTERPRISES, LLC, a California Limited Liability Corporation, dba SALERNO; CHEF ALESSANDRO PIROZZI, INC., a California corporation dba ALESSA;<br><br>                    Plaintiffs<br><br>vs.<br><br><br>FISERV CORPORATION, a Florida Corporation registered and doing business in California; and CARDCONNECT, a California Corporation, and DOES 1 through 25,<br><br>                    Defendants. | Case No.: 30-2021-01232995-CU-FR-NJC<br>**COMPLAINT FOR DAMAGES**<br><br>**1.      Fraud**<br>**2.      Breach of Contract**<br>**3.      Accounting**<br>**4.      Breach of Fiduciary Duty**<br>**5.      Declaratory Relief**<br>**6.      Conversion**<br>**7.      Unfair Competition**<br>**         (Bus. & Prof. Code §17200)**<br>**8.      Negligence**<br>**9.      Money Had & Received**<br><br>**Assigned for All Purposes**<br>Judge Glenn Salter |

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, California 92653-1512

Plaintiffs allege as follows:

1.      At all times herein, Plaintiff PIROZZI ENTERPRISES, LLC, a California Limited Liability Corporation, dba SALERNO, and Plaintiff CHEF ALESSANDRO PIROZZI, INC., a California corporation dba ALESSA, were doing business in the State of California, County of

Orange.

2.      Plaintiff ALESSANDRO PIROZZI, an individual was and is a resident of the County of Orange, State of California and proprietor of restaurants located within the County of Orange.

3.      DEFENDANT FISERV CORPORATION is a Florida corporation licensed and doing business in the State of California, with employees and/or representatives in the County of Orange, and with minimum contacts within the State of California to locate jurisdiction in California, County of Orange.

4.      DEFENDANT CARDCONNECT is doing business in the State of California, with employees and/or representatives in the County of Orange, and with minimum contacts within the State of California to locate jurisdiction in California, County of Orange.

5.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants herein designated DOES 1 through 25, inclusive, are unknown to plaintiffs. Plaintiffs will ask leave of the court to amend this Complaint to show their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs' damages were proximately caused by their conduct.

6.      On information and belief, at all times mentioned herein, each of the defendants were and are the duly authorized agents, partners, and coconspirators of each of the said co-defendants, and at all times herein mentioned acted within the course and scope of such agency, partnership, and each of the acts performed by each of the said co-defendants as hereinafter alleged was done with the express or implied consent of one another, as alleged herein, and said wrongful acts occurred within California and more specifically within the County of Orange.

## FACTS COMMON TO ALL CAUSE OF ACTIONS

7.      On or about 2019 to the present Plaintiffs were in the hospitality business in the County of Orange and maintained two Italian restaurants known as Alessa by Chef Pirozzi ("Alessa"), and Salerno Risorante ("Salerno"). These business ventures were operated by Plaintiff Alessandro Pirozzi, an individual and resident of the County of Orange.

8.      On or about 2020, Plaintiffs entered into a contractual arrangement with Defendant FISERV, a global financial technology and payment servicing company, and Defendant

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, California 92653-1512

CARDCONNECT, a wholly owned subsidiary of FISERV, which provides electronic credit card point of sale infrastructure and financial technology for the transfer of sales from customer to proprietor.

9.      Defendant CARDCONNECT, by and through FISERV, provided the point-of-sale technology to Plaintiffs and was responsible, along with Defendant FISERV, for the accurate charging of clientele of Plaintiffs' establishments and for the accurate transfer of all credit point of sales to the bank accounts belonging to Plaintiffs, as established in written contracts between the parties.

10.     On a day-to-day basis, Plaintiffs relied upon the actions, statements, and promises of each of the Defendants for the security of Plaintiffs' receipts for the businesses ALESSA and SALERNO, and for the safety and security of all credit transactions required to charge customers of ALESSA and SALERNO via credit card accounts, and then to transfer said receipts to the business accounts of Plaintiffs.

11.     Beginning August 1, 2021, and continuing, Defendant FISERV and Defendant CARDCONNECT, negligently and/or intentionally failed to handle the point-of-sale transactions of ALESSA and SALERNO in a secure and professional manner, as was promised. To date, Defendants have converted hundreds of thousands of dollars in receipts belonging to Plaintiffs into their own or another conspirators' possession and have refused to abide by the terms of the agreement between Defendants FISERV and CARDCONNECT, with Plaintiffs ALESSA, SALERNO, and PIROZZI.

12.     On or about August 10, 2021, no credit card, California sales taxes and tips, was being deposited into the bank accounts of was not being deposited in the bank account of Plaintiff ALESSA.

13.     During August 2021, and continuing to the present, Plaintiff Alessandro Pirozzi called CARDCONNECT management team and spoken with employees Delva and Heather. As of the first communication, Plaintiffs were missing $325,000 in cash receipts and Plaintiff asked CARDCONNECT employees Delva and Heather to explain where the money had gone. These employees of CARDCONNECT falsely represented that the ALESSA account on file was incorrect, and had been changed, such that hundreds of thousands of dollars rightly belonging to Plaintiffs was placed into unknown accounts not belonging to Plaintiffs.

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, California 92653-1512

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385,
Laguna Hills, California 92653-1512

14. Plaintiff Alessandro Pirozzi discussed with Delva and/or Heather the fact that his businesses, ALESSA and SALERNO only bank with Bank of America, as is known to Defendants. Plaintiff Pirozzi also explained to these managers of Defendants, that he nor anyone else made any changes to the accounts with Defendants and therefore, Pirozzi demanded any and all documentation that established that a change was made on behalf of Plaintiffs to the CARDCONNECT accounts with Defendants. Plaintiff Pirozzi further demanded to know when he would receive the monies owed.

15. On behalf of CARDCONNECT and FISERV, the management team of Heather and Delva refused to transfer $325,000 to Plaintiffs at that time. Instead, they offered to "open a ticket" and provided to Plaintiff Pirozzi a ticket number of 42367280.

16. Subsequent to August 10, 2021, the Defendants' management team contacted Plaintiff Pirozzi and stated that Defendants were now opening a new ticket number. No explanation was provided as to what happened to the prior ticket. The new ticket number was 426 50670. Heather and Delva stated that Pirozzi should not give this number to anyone including any other employee of Defendant CARDCONNECT. This was the first time that Plaintiff realized he and Plaintiffs may be the victim of intentional fraud on the part of Defendants.

17. Defendants' management team of Heather and Delva also told Plaintiff Pirozzi that he would receive a letter in the U.S. Mail from CARDCONNECT that he needed sign. These representatives of Defendant CARDCONNECT refused to allow Pirozzi to pick up the correspondence in person, or to receive it via email or facsimile. The representatives instructed Plaintiff that once signed he was to fax the signed documentation to BONNIE CLARK (hereafter "Bonnie") but not to disclose any additional information to Bonnie. Plaintiff was also told that if he followed these instructions, he would receive the receipts within 1-2 business days in the legitimate Bank of America accounts belonging to Plaintiffs.

18. Plaintiff Pirozzi had no choice but to rely on the statements made by Defendants' management team even though the daily receipts for Plaintiff's restaurants was growing and was still not being deposited into the Bank of America accounts of ALESSA or SALERNO.

19. As part of the further instructions of Defendants' management team Delva and Heather, Plaintiff Pirozzi was told that when the documents were received via US Mail, he will need to go to the bank to fill out the forms and also to attach a voided check of all the accounts that we wanted the money to be deposited within. This, despite Plaintiff Pirozzi's repeated protest and instruction that

20.     CARDCONNECT already had the Bank of America account information for all Plaintiffs, and that no documentation of purported changes had been shared with Plaintiff Pirozzi.

21.     Defendant CARDCONNECT's employees Delva and Heather told Plaintiff Pirozzi that they will not use and type of electronic communication and that they would only have conversations with Plaintiff Pirozzi personally.

22.     In furtherance of this fraudulent scheme to withhold and convert the receipts of Plaintiffs into their own possession, and to avoid transferring the funds to their rightful owners (Plaintiffs), Delva described to Plaintiff Pirozzi that she was once also a victim of a hacker, thereby suggesting to Plaintiff Pirozzi that said missing receipts were part of a hacking scam outside of the control of Defendant CARDCONNECT.  On behalf of Defendants, Delva further stated that she used to work for the military and as a consultant for cyber security. Said remarks were made to lure Plaintiff Pirozzi into the false assumption and false security that Defendants' management team could be trusted, but with the full intent of using that trust to unlawfully relieve Plaintiffs of hundreds of thousands of dollars belonging to them.  At no time did Delva or Heather intend to honorably and in good faith discharge their duties to the Plaintiffs, but instead furthered the unlawful theft of funds by misrepresenting to Plaintiff Pirozzi that he could trust the CARDCONNECT management team to transfer the financial assets to Plaintiffs.

23.     Defendant CARDCONNECT's management team further instructed Plaintiff Pirozzi that the military and cyber security background of Delva and/or Heather would be a secret code for future communication between them, representing to Plaintiff Pirozzi that no one else knew about this background and that using this as a security code would indicate to Plaintiff Pirozzi that he was dealing with secure persons by way of Delva and/or Heather.  The suggestion was that no further actions would be taken unless Plaintiff first confirmed his knowledge of Delva's or Heather's military and cyber security history.  Plaintiff later determined Delva, and Heather intended to dissuade Plaintiff from speaking to lesser employees of CARDCONNECT who may not have been a part of the scheme CARDCONNECT was working.  Plaintiff was also informed that his account at CARDCONNECT had been marked as only serviceable by the management team, e.g., Bonnie Clark, Travis Bellet, Delva or Heather.

24.     About ten days later, Plaintiff Pirozzi was in possession of the documentation referenced above by Delva and Heather, and as yet unknowing that he was being schemed, Plaintiff did as

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, California  92653-1512

instructed and went to Bank of America to set up two new accounts and have those accounts ready so that Defendant CARDCONNECT could transfer Plaintiff's missing receipts into the new accounts. Later that day and the following days, Plaintiff Pirozzi called to talk with Delva and Heather but they either refused his call or were otherwise not available.  Plaintiff's calls were sent to answering machines. Plaintiff was placed in a never-ending queue by Defendant for many days, established with the intent of dissuading Plaintiffs from seeking further information regarding their missing financial assets.

25.     An unknown number of days later, a person named Travis Bellet who represented that he was a "Manager" of CARDCONNECT, began leaving voicemail for Plaintiff Pirozzi. By this time, Plaintiff Pirozzi had been contacting Bonnie Clark and leaving messages, as he had been previously instructed. Plaintiff Pirozzi intended to get the documentation to Bonnie but had not yet done so.

26.     Defendant's representative Bonnie Clark finally replied to Plaintiff Pirozzi. However, Bonnie stated that she had received the documentation that Plaintiff Pirozzi sent. Since Plaintiff had not sent any of the information that CARDCONNECT had requested, he knew Bonnie's statement could not be truthful. Bonnie then said the Plaintiffs' former bank account information was changed to a Chase Bank account and that also the ID and password to access Alessa Laguna Beach's CARDCONNECT account has been changed *as the person who called them requested*.  Plaintiff immediately knew something was amiss.  Plaintiff Pirozzi immediately reported to Bonnie that he had not authorized any such account change and that there was no legitimate way the old accounts could be updated to Chase Bank accounts since Plaintiffs have only ever banked with Bank of America. Further, Plaintiff informed Bonnie he had not sent any of the requested documentation.

27.     Defendants' representative Bonnie replied that she spoke with a person purporting to be Plaintiff Alessandro Pirozzi.  Plaintiff Pirozzi protested this claim directly to Bonnie, insisting that she had known his voice and insisted that she could not have been fooled by speaking to a different person and taking banking information.  Bonnie stated in reply that said caller had an accent just like Plaintiff Pirozzi.  Knowing this statement to be false, Plaintiff demanded that the Chase Bank information be provided to him. Immediately, "Bonnie" refused to provide the banking information to Plaintiff even though she had claimed that she got the information from Plaintiff directly. Instead, Bonnie agreed to change the information from Chase to Bank of America if Plaintiff would provide it.

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, California 92653-1512

28.     Having no choice but to try to retrieve his financial assets by providing the new Bank of America account information, Defendants' representative Bonnie took down the new account information and told Plaintiff Pirozzi that the monies owed to Plaintiffs would be in the accounts within 1-2 business days.

29.     Approximately five days later, there was no deposit in the new accounts, or any other accounts of Plaintiffs. At this point, missing receipts of Plaintiffs' restaurants being held up by CARDCONNECT had accumulated to over $600,000.  Thus, Plaintiff Pirozzi, promptly contacted Defendant CARDCONNECT but could not track down "Bonnie" and no one at CARDCONNECT would assist Plaintiff, once again.

30.     Ultimately, Plaintiff was told to contact Mr. Travis Bellet of CARDCONNECT.   Plaintiff left several messages for Mr. Bellet explaining in detail all the steps outlined herein and explaining the problem of the missing $600,000+ in receipts.

31.     On or about August 31, 2021, and on September 1 through 5, 2021, Plaintiff again called and left messages with Mr. Bellet. To no avail, no one ever provided the monies owed to Plaintiffs.

32.     Plaintiff Pirozzi thereafter filed a complaint with the Laguna Beach Police Department which opened an investigation into the illegal acts of CARDCONNECT and its minions.

33.     An unknown number of days passed until Mr. Bellet suddenly contacted Plaintiff Pirozzi at the urgency of a Laguna Beach PD Detective.  Mr. Bellet stated that he had been contacted by Laguna Beach PD.  Mr. Bellet stated to Mr. Pirozzi that he was sorry for the tremendous inconvenience and that the receipts which belonged to Plaintiffs would be deposited as soon as possible and within five days.

34.     At this time the amount of missing receipt approximated $700,000. No monies were received as promised and owed to Plaintiffs.

35.     The day after, attorneys for Defendants FISERV and CARDCONNECT began contacting representatives for Plaintiffs. Said attorneys admitted that CARDCONNECT had the financial assets as alleged herein. On behalf of Defendants FISERV and CARDCONNECT, said attorneys then offered to immediately return $325,000 of the financial assets of Plaintiffs; however, said attorneys sought execution of a release agreement in order to release CARDCONNECT and FISERV from liability for approximately $450,000 of Plaintiffs moneys as a precondition to returning Plaintiffs' $325,000 in assets. On information and belief, this was an attempt to create a financial gain for

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, California 92653-1512

FISERV and CARDCONNECT and their management team, by gaining a release and only returning

36.      Acting on behalf of Plaintiffs herein, Plaintiff Alessandro Pirozzi filed a complaint with the Federal Bureau of Investigation and the Federal Trade Commission against CARDCONNECT, for the monies that belonged to him which had been absconded by Defendants.

37.      On information and belief, Defendants have a well-known history of "losing" or "misplacing" receipts of business owners and then attempting to pressure these business owners into settling said losses for pennies on the dollar. On information and belief, this unlawful business practice has led to the forfeiture of millions of dollars to Defendants, wrongly.

38.      As of the filing of this lawsuit, Plaintiffs are owed in excess of $400,000 and growing. Plaintiff Pirozzi's businesses face financial disaster and they have had to seek loans and use credit accounts to cover the intentional misappropriation of finance by Defendants FISERV and CARDCONNECT, as described herein.

**FIRST CAUSE OF ACTION FOR**

**FRAUD/INTENTIONAL MISREPRESENTATION**

**(As Against All Defendants including FISERV and CARDCONNECT)**

39.      Plaintiffs re-alleges and incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

40.      At all times relevant herein, Defendants by and through their agents and representatives and in writing, represented that Defendants would safely and securely maintain the point-of-sale technology used by Plaintiffs and safely and securely transfer the sales receipts of Plaintiffs' business to the correct, accurate, and appropriate Bank of America accounts maintained by Plaintiffs.

41.      At the time said representations were made, the representations were false.  Defendants claimed they would honor and abide by the terms of the contract with Plaintiffs and by state and federal laws, but had no intention of doing so, or recklessly failed to do so.

42.      Based thereon, Defendants knew their representations were not truthful, but used said representations to lure Plaintiffs to rely upon them and to gain the trust of Plaintiffs.

43.      Plaintiffs unknowingly believing they could rely on the representations of lawfulness, trustworthiness and honor, relief upon Defendants' representations to their own detriment.

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, California 92653-1512

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, California 92653-1512

44.     In relying on the representations made by Defendants as described herein, Plaintiffs suffered and continue to suffer severe financial harm to their detriment.

45.     Defendants' false representations and intent are a substantial factor in causing the damages alleged herein suffered by Plaintiffs.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT
### (As Against All Defendants including FISERV and CARDCONNECT)

46.     Plaintiffs hereby incorporate paragraphs 1 through 44 as thought fully set forth herein.

47.     The promises Defendants made to Plaintiffs in writing and orally constitute a contract between the parties.  Defendants promised to abide by the terms of said contract and state and federal laws in entering into the contract with Plaintiffs.

48.     As part of the terms of the business contract between Plaintiffs and Defendants, Defendants agreed to dutifully handle the point-of-sale transactions for Plaintiffs' businesses and transfer said receipts to the appropriate Bank of America accounts owned by Plaintiffs, respectively, for each restaurant: Alessa and Solerno.

49.     Plaintiffs always performed their duties under said contract with Defendants and Plaintiffs reasonably relied on Defendants' promises as set forth herein.

50.     On or about August 1, 2021, and continuing to the present day, Defendants FISERV and CARDCONNECT, breached the agreement/contract by failing to transfer receipts owed to Plaintiffs in a timely fashion or at all, to the Bank of America accounts owned by Plaintiffs.

51.     As a result of Plaintiffs' reliance and Defendants' breach, Plaintiffs will suffer unconscionable injury in the hundreds of thousands of dollars or Defendants will be unjustly enriched if allowed to retain the moneys owed to Plaintiffs.

## THIRD CAUSE OF ACTION FOR AN ACCOUNTING
### (As Against All Defendants including FISERV and CARDCONNECT)

52.     Plaintiff hereby incorporates paragraphs 1 through 50 as thought fully set forth herein.

53.     Defendants FISERV and CARDCONNECT have engaged in a consistent pattern of mismanaging point of sale receipts and otherwise intentional failing or neglecting their

responsibilities to Plaintiffs.

54.    Plaintiffs have and hereby do demand an accounting.

55.    Plaintiffs, upon information and belief, allege that income received between August 1, 2021, to the present which are point of sale receipts owed to Plaintiffs equal $302,601.64. As of the filing of this Complaint, Plaintiffs have not been made whole and no accounting has been provided or performed.

56.    Due to Defendants' refusal and/or failure to make an accounting as alleged above, an accounting is necessary to properly determine the total amount owed to Plaintiffs.

### FOURTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY
### (As Against All Defendants including FISERV and CARDCONNECT)

57.    Plaintiff hereby incorporates paragraphs 1 through 55 as thought fully set forth herein.

58.    As described above, Defendants have committed multiple breaches of their fiduciary duties to the Plaintiffs herein, including failure to transfer monies by way of point of sale receipts which rightly belong to Plaintiffs but which Defendants are refusing to transfer.

59.    No Plaintiffs has consented to Defendants' conduct as alleged herein.

60.    As a direct and proximate result of Defendants' breaches, the Plaintiffs have suffered damages and continue to suffer damages in an amount to be determined according to proof at trial.

### FIFTH CAUSE OF ACTION FOR DECLARATORY RELIEF
### (As Against All Defendants including FISERV and CARDCONNECT)

61.    Plaintiff incorporates paragraphs 1 through 59 as though fully set forth herein.

62.    An actual controversy has arisen and now exists between Defendants and Plaintiffs relating to the legal rights and duties of the parties.

63.    Plaintiffs desire a judicial determination of their rights and Defendants' rights, duties and obligations with respect to the business relationship between the parties, and Plaintiffs seek a declaration consistent with these contentions.

64.    Plaintiffs seek the following equitable and provisional relief in order to avoid permanent, irreparable injury to Plaintiffs:

   a.   Immediate accounting of all point of sales for Plaintiffs PIROZZI ENTERPRISES, LLC and

**Law Offices of Foroozandeh, APC**
23461 South Pointe Drive, Suite 385
Laguna Hills, California  92653-1512

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, California 92653-1512

CHEF ALLESANDRO PIROZZI, INC., from the date of August 1, 2021, to the date of said order.

b. Immediate transfer to the proper Bank of America accounts of Plaintiffs PIROZZI ENTERPRISES, LLC and CHEF ALLESANDRO PIROZZI, INC., for all point of sale amounts from the date of August 1, 2021, to the date of said order.

c. A preliminary injunction against Defendants' wrongful conduct as alleged herein.

## SIXTH CAUSE OF ACTION FOR CONVERSION
### (As Against All Defendants including FISERV and CARDCONNECT)

65.     Plaintiffs incorporate paragraphs 1 through 63 as though fully set forth herein.

66.     Plaintiffs claim that Defendants wrongfully exercised control over their financial personal property in excess of $700,000, and refused to transfer said receipts since August 1, 2021, and continuing into the appropriate Bank of America accounts of Plaintiffs PIROZZI ENTERPRISES, LLC and CHEF ALLESANDRO PIROZZI, INC.

67.     Defendants have prevented Plaintiffs from having access to monies which rightfully belong to them and have wrongfully converted said receipts into their own.

68.     Defendants are refusing to return the total amount of monies they received from Plaintiffs' point of sales transactions, thereby causing severe financial harm via conversion.

## SEVENTH CAUSE OF ACTION FOR UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code § 17200 *et seq.*)
### (As Against All Defendants including FISERV and CARDCONNECT)

69.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 67 as though fully set forth herein.

70.     At all times herein mentioned, Defendants have engaged in a variety of conduct directed at the Plaintiffs that constitute unlawful, unfair, and fraudulent business practices in violation of California Business and Professions Code § 17200, including, without limitation, violation of Section 17500 by converting monies that belong to Plaintiffs and thus intentionally or recklessly damaging and thereby placing Plaintiffs' business viability in jeopardy, as well as materially damaging Plaintiffs' financial wellbeing.

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, California 92653-1512

71.     At all times herein mention, Defendants have taken adverse actions with the intent to harm the Plaintiffs' business opportunities, and growth, and to financially damage Plaintiffs for their own financial gain.

72.     Defendants have profited and will continue to profit unjustly from their joint unlawful, unfair, and fraudulent business practices if not enjoined from doing so. Accordingly, Plaintiffs, pursuant to Business and Professions Code § 17203 seek an award of restitution and disgorgement of Defendants' ill-gotten gains/profit, which they have wrongfully taken from the Plaintiffs.

73.     Plaintiffs therefore request, pursuant to Section 17203, that during the pendency of this action, the court issue a preliminary injunction, and that after trial, this court issue a permanent injunction, restraining and enjoining Defendants and their agents' agents, employees, and representatives or anyone acting on their behalf from taking any action against the Plaintiffs that is economically harmful to Plaintiffs' businesses.

74.     The above-described acts of Defendants constitute unfair, unlawful, and fraudulent business acts prohibited by Cal. Bus. & Prof. Code §§ 17200, et seq., and acts prohibited by Cal. Bus. & Prof. Code §§ 17500, *et seq.*

75.     Defendants have earned wrongful profits, or have derived wrongful gains and benefits, as a result of their unlawful acts in violation of Section 17200 *et seq.*

76.     These acts have caused injury to the reputation and goodwill of Plaintiffs. As a direct and proximate result of Defendants' acts, Plaintiffs have suffered damages, the precise amount of which is presently unknown, but which will be established according to proof. Plaintiffs are informed and believe, and thereon allege, that Defendants committed the foregoing acts willfully and deliberately with the intention of depriving Plaintiffs of their legal rights, with oppression, fraud, or malice, and in conscious disregard of Plaintiffs' rights. Plaintiffs are therefore entitled to an award of exemplary damages, according to proof.

## EIGHTH CAUSE OF ACTION FOR NEGLIGENCE
### (As against All Defendants including FISERV and CARDCONNECT)

77.     Plaintiffs incorporate paragraphs 1 through 75 as though set forth at length herein.

78.     It is a well establish rule that where a check is drawn to the order of a bank to which the drawer is not indebted, the bank is authorized to pay the proceeds only to persons specified by the

**Law Offices of Foroozandeh, APC**
23461 South Pointe Drive, Suite 385
Laguna Hills, California 92653-1512

drawer: it takes the risk in treating such a check as payable to bearer and is placed on inquiry as to the authority of the drawer's agent to receive payment.' (9 C.J.S., Banks and Banking, § 340, p. 683.)

79.       Defendants FISERV and CARDCONNECT and DOES 1 through 25 and each of them owed a duty to protect and safeguard Plaintiffs' receipts upon accepting the endorsement of each point of sale or depositing each check as the named payee, more fully reference in paragraph 15 through 29 and a further duty was activated when dishonest and unfaithful.  Statements made by Defendants' representatives as alleged above suggest a possible fraud and misappropriation sufficiently suspicious to alert FISERV and CARDCONNECT that Plaintiffs' funds were being unlawfully diverted so that Defendants should have and could have made reasonable inquires and could have discovered the fraudulent conduct and prevented its success.

80.       When a bank named as payee on a check receives and negotiates the check, as here, it holds the funds for the use of the drawer, (the plaintiffs) and if the bank diverts the funds to an unauthorized third party, as here, including a bank customer, it does so at its own risk.

81.       By breaching their duty of reasonable inquiry, Defendants are liable for the entire amounts at issue, as when it fails to make inquiry, it pays at its peril.

82.       Defendants had a further duty to protect such funds against fraudulent access, withdrawal and/or transfer as the custodian thereof. Further, before permitting the moving, transferring or withdraw of any of Plaintiffs' point of sale receipts, Defendants had a duty to verify with the Plaintiffs that such activity was authorized. It failed to do so.

83.       Defendants breached the duty of due care by failing to use the skill and care that reasonably careful bankers would have used in similar circumstances as more fully alleged in paragraphs 1 through 75.

84.       The facts articulated hereinabove give rise a duty to nondepositors to investigate a banking situation and a common law negligent action will lie when not superseded by the Commercial Code as here.

85.       Under CCC § 4111 an action to enforce an obligation, duty, or right arising under this division shall be commenced within three years after the cause of action accrues. However, CCP section 348 [Deposit of Money] provide that no limitation period for actions brought to recover money deposited with any bank. Notwithstanding, the limitation period does not begin to run, if any, until the discovery, by the aggrieved party, of the facts constituting the cause of action.

86.     As a proximate result of the acts and omissions as alleged herein, Plaintiffs have been damaged in excess of $302,601.64 plus prejudgment interest according to proof in accordance with Civil Code § 3287 (a).

### NINTH CAUSE OF ACTION FOR MONEY HAD AND RECEIVED
### (As Against All Defendants including FISERV and CARDCONNECT)

86.     Plaintiffs incorporate the allegations of paragraphs 1 through 85 as though fully set forth herein.

87.     Defendants should have in its possession $302,601.64 received of Plaintiffs' funds through point of sales receipts from Plaintiffs' businesses from August 1, 2021, to the present date.

88.     Therefore, Plaintiffs' $302,601.64 should be returned to them.

### TENTH CAUSE OF ACTION
### PENAL CODE §496
### (Against all Defendants including FISERV and CARDCONNECT)

89.     Plaintiffs incorporate the allegations of paragraphs 1 through 88 as though set forth herein.

90.     At all times herein, Defendants FISERV and CARDCONNECT were actively present and doing business in Newport Beach, County of Orange, State of California, and have been in the financial point of sale technology business for at least 3 years.

91.     On or about August 21, 2021, Plaintiff Pirozzi learned that Defendants had lied about where Plaintiffs' receipts had gone and about the total amount thereof, claiming through their management team that Defendants did not know the total amount of receipts, and that they were unable to give said receipts to Plaintiff.

92.     On or about August 31, 2020, pursuant to CCP section 474, Bonham was named as DOE 3 defendant and service of the Summons and Complaint occurred on 11/4/2020.

93.     As evidenced by the statements made directly to Plaintiff Pirozzi by the CARDCONNECT management team, Plaintiff Pirozzi knew that Defendants had stolen, converted, and fraudulently obtained possession of the receipts of Plaintiff's dining establishments. As of August 1, 2021, Defendants knew that these assets belonged to Plaintiffs and Plaintiffs demanded said funds be transferred. At that time, Defendants were well aware that said funds constitutes stolen assets.

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, California 92653-1512

94.     The subject property at issue was worth more than $950 under Penal Code section 487, which it makes it grand theft.

95.     Penal Code section 496(a) states in pertinent part:

"Every person who buys or *receives any property that has been stolen* or that has been obtained in any manner constituting theft or extortion, *knowing the property to be so stolen…*shall…"

Penal Code section 496(c), which states:

"Any person who has been injured by a violation of subdivision (a) or (b) may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney s fees."

96.     Moreover, Penal Code section 496(a), states in additional pertinent part:

"…or obtained, or who conceals, sells, ***withholds***, or aids in concealing, selling, or ***withholding any property from the owner, knowing the property to be so stolen*** or obtained, shall…"

97.     A criminal conviction of PC section 496(a) is not a prerequisite to a civil action. (*Bell v Feibush* (2013) 212 Cal.App.4th 1041.)

98.     Plaintiffs seek exemplary damages as against Defendants FISERV and CARDCONNECT to punish and set an example and to deter future such conduct by their corporations and their employees as set forth herein; the conduct complained of herein falls within CCP section 3294 for violation of Penal Code section 496(a). These facts constitute malice, which is conduct that is intended by the Defendants to cause injury to the Plaintiffs or despicable conduct which is carried on by the Defendants with a willful and conscious disregard of the rights or safety of Plaintiffs.

//
//
//
//
//
//
//
//

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, California 92653-1512

## PRAYER FOR RELIEF

### WHEREFORE, PLAINTIFFS PRAYS FOR THE FOLLOWING JUDGMENT:

1.   Declaratory Relief, and Injunctive Relief
2.   Breach of Contract Damages
3.   For Compensatory Damages
4.   For General Damages
5.   For Punitive Damages
7. For Attorney's Fees
8. An Accounting
10. For treble damages under Penal Code §496 and other statutory damages, penalties and interest
11.  For the Cost of Suit
12. Breach of Contract Damages
13. For Other Relief the Court Deems Appropriate.


Dated:  November 22, 2021

Majid Foroozandeh, Esq.
ATTORNEYS FOR PLAINTIFFS

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, California 92653-1512

Majid Foroozandeh, Esq. [SBN 248685]
The Law Office of Foroozandeh, APC.
23461 South Pointe Drive Laguna Hills, Ca 92653

TELEPHONE NO.: 949-336-8505      FAX NO. (Optional): 28-485-5959
ATTORNEY FOR (Name): Alessandro Pirozzi

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE**
STREET ADDRESS:   Orange County Superior Court
MAILING ADDRESS:   North Justice Center
CITY AND ZIP CODE:   1275 North Berkeley Avenue
BRANCH NAME:   Fullerton, CA 92832

CASE NAME:
FISERV CORPORATION, a Florida Corporation registered and doing business in California;

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited    [ ] Limited | [ ] Counter    [ ] Joinder | 30-2021-01232995-CU-FR-NJC |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Glenn Salter    DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[x] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): 10
5. This case [ ] is  [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 22, 2021
Majid Foroozandeh, Esq.
(TYPE OR PRINT NAME)                                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use     **CIVIL CASE COVER SHEET**     Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
  Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (non-domestic relations)
  Sister State Judgment
  Administrative Agency Award (not unpaid taxes)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-harassment)
  Mechanics Lien
  Other Commercial Complaint Case (non-tort/non-complex)
  Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]       **CIVIL CASE COVER SHEET**       Page 2 of 2

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 1275 N. Berkeley Ave<br>MAILING ADDRESS: 1275 N. Berkeley Ave<br>CITY AND ZIP CODE: Fullerton 92838<br>BRANCH NAME: North Justice Center | *FOR COURT USE ONLY*<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
|---|---|
| PLANTIFF: Alessandro Pirozzi et.al. | |
| DEFENDANT: Fiserv Corporation et.al. | **Nov 24, 2021** |
| Short Title: PIROZZI VS. FISERV CORPORATION | Clerk of the Court<br>By: Katie Trent, Deputy |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01232995-CU-FR-NJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>04/28/2022</u> at <u>08:30:00 AM</u> in Department <u>N06</u> of this court, located at <u>North Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

<u>**IMPORTANT:**</u> Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - <u>https://www.occourts.org/media-relations/civil.html</u>
Probate/Mental Health - <u>https://www.occourts.org/media-relations/probate-mental-health.html</u>

<u>**IMPORTANTE:**</u> Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - <u>https://www.occourts.org/media-relations/civil.html</u>
Casos de Probate y Salud Mental - <u>https://www.occourts.org/media-relations/probate-mental-health.html</u>

<u>**QUAN TRONG:**</u> Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - <u>https://www.occourts.org/media-relations/civil.html</u>
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - <u>https://www.occourts.org/media-relations/probate-mental-health.html</u>

Clerk of the Court,  By: *Katie Trent* _____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

North Justice Center
1275 N. Berkeley Ave
Fullerton  92838

**SHORT TITLE:** PIROZZI VS. FISERV CORPORATION

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: |
|---|---|
| | **30-2021-01232995-CU-FR-NJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Fullerton</u> , <u>California</u>, on <u>11/24/2021</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>11/29/2021</u>.

Clerk of the Court, by: *Katie Trent* _____ , Deputy

LAW OFFICES OF FOROOZANDEH, APC.
23461 SO. POINTE DRIVE # STE 385
LAGUNA HILLS, CA 92653

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA.  This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint.   Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

## BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

## DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.   ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.**  Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.**  Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.**  Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials.  Sometimes parties will try a combination of ADR types.  The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA).  For information regarding DRPA, contact:
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE).  For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session.  For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session.   Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:                      Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name):*                      Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central – 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center – 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
      ☐  Under section 1141.11 of the Code of Civil Procedure
      ☐  Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____     _____     _____
                   (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____     _____     _____
                   (SIGNATURE OF DEFENDANT OR ATTORNEY)     (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**