LAW OFFICES OF FOROOZANDEH, APC.
**MAJID FOROOZANDEH, ESQ.** (SBN: 248685)
23461 SO. POINT DR., STE 385
LAGUNA HILLS, CALIFORNIA 92653
TELEPHONE: (949) 336-8505
ATTORNEY FOR THE PLAINTIFFS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALESSANDRO PIROZZI, an individual; PIROZZI ENTERPRISES, LLC, a California Limited Liability Corporation, dba SALERNO; CHEF ALESSANDRO PIROZZI, INC., a California corporation dba ALESSA;<br><br>Plaintiffs<br><br>vs.<br><br><br>FISERV CORPORATION, a Florida Corporation registered and doing business in California; and CARDCONNECT, a California Corporation, and DOES 1 through 25,<br><br><br>Defendants. | Case No.: 8:21-cv-02130-CJC-ADS<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; DECLARATION OF MAJID FOROOOZANDEH IN SUPPORT THEREOF FILED CONCURRENTLY UNDER SEPARATE COVER<br><br>Hearing Date: February 28, 2022<br>Hearing Time: 1:30 p.m.<br>Judge: Hon. Cormac J. Carney<br>Place: Courtroom 9B |

//

//

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

# TABLE OF CONTENTS

I.   Introduction ........................................................................................ 7

    A.   Defendants failed to meet and confer prior to  filing the Motion to Dismiss ................................................................................................ 7

    B.   Should the Court grant any portion of the Motion, Plaintiffs' request leave to amend ..................................................................................... 8

II.  Plaintiffs' complaint pleads facts to support each count, and contrary to Defendants' arguments, the court must review the allegations in the light most favorable to Plaintiffs ........................................................................... 8

    A.   The MTD cites  facts that do not appear in the pleading  and have no evidentiary  basis in  an effort to secure a dismissal of  legitimate claims .................................................................................................. 9

    B.   Breach of Contract is only one of the claims against the Defendants .. 10

III. Defendants' Motion falsely claims Pirozzi and Salerno lack standing .......... 11

    A.   Count 1 for fraud is properly pleaded .................................... 12

    B.   Plaintiffs were damaged by the fraudulent acts alleged ...................... 14

IV.  The breach of contract claim is supported by the allegations in the complaint and should not be subject to dismissal ................................................... 15

    A.   Plaintiffs appropriately plead for an accounting ................................. 16

    B.   Plaintiffs properly plead conversion ................................................. 17

    C.   Negligence is properly pleaded ........................................................ 17

    D.   Money had and received is an appropriate count ................................ 18

    E.   California Business and Professions Code §17200 is supported by the allegations in the complaint ............................................................. 19

    F.   Count X for violation of Penal Code §496 is proper ........................... 20

**Law Offices of Foroozandeh, APC**
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

V.    This lawsuit should not be transferred to the Eastern District of New York ................................................................................................20

VI.   Conclusion ................................................................................................22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Law Offices of Foroozandeh, APC**
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

# TABLE OF AUTHORITIES

**US SUPREME COURT CASES**

*Altantic Marine Constr. Co. v. USDC,*
    571 U.S. 49, 134 S. Ct. 568 (2013)..................................................................20

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544, 127 S. Ct. 1955 (2007)................................................................8

**FEDERAL CASES**

317 F.3d 1097 (9th Cir. 2003) ........................................................................13

*Agueta v Banco Mexicano, S.A.,*
    87 F.3d 320 (9th Cir. 1996) ...........................................................................21

*Alston v. Parker,*
    363 F.3d 229 (3d Cir. 2004)..............................................................................8

*Braden v. Wal-Mart Stores, Inc.,*
    588 F.3d 585 (8th Cir. 2009) .............................................................................9

*Caltex Plastics, Inc. v. Lockheed Martin, Corp.,*
    824 F.3d 1156 (9th Cir. 2016) ...........................................................................8

*Doe v. United States,*
    419 F.3d 1058 (9th Cir. 2005) ...........................................................................9

*Ebner v. Fresh, Inc.,*
    838 F.3d 958 (9th Cir. 2016) .............................................................................8

*Group, Inc. v. Pactiv Corp.,*
    720 F.3d 33 (1st Cir. 2013)................................................................................9

*In United States ex rel Grubbs v. Kanneganti,*
    565 F.3d 180 (5th Cir. 2009) ...........................................................................13

**Law Offices of Foroozandeh, APC**
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

*Middle E. Banking Co. v. State St. Bank Int'l,*
    821 F.2d 897 (2d Cir. 1987)................................................................18

*Republic Bank & Trust Co. v. Bear Stearns & Co. Inc.,*
    683 F.3d 239 (6th Cir. 2012) ...........................................................13

*Sanderson v. HCA-The Healthcare Co.,*
    447 F.3d 873 (6th Cir. 2006) ...........................................................13

*Watson Carpet & Floor Covering, Inc. v. Mohawk Industries, Inc.,*
    648 F.3d 452 (6th Cir. 2011) .............................................................9

**STATE CASES**

*Melcher v. Apollo Med. Fund Mgmt. LLC,*
    105 A.D.3d 15, 959 N.Y.S.2d 133 (2013).......................................18

*Parsa v. State,*
    64 N.Y.2d 143, 474 N.E.2d 235, 485 N.Y.S.2d 27 (1984) ............18

**FEDERAL STATUTES**

Title 28, U.S.C.
    § 496...............................................................................................21
    § 1404.............................................................................................20

**STATE STATUTES**

California
    Business & Professions Code § 17200 ...........................................19
    California Business & Professions Code § 17200.......................7, 19
    California Penal Code § 496............................................................20
    Penal Code § 496 ...........................................................................20

**Law Offices of Foroozandeh, APC**
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

**FEDERAL RULES**

FRCP
     Rule 12 ...................................................................................................8, 10

Plaintiffs hereby respectfully submit this Memorandum of Points & Authorities in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss, under Rule 12(b)(6). Plaintiffs have pleaded sufficient facts to state the claims that appear within the Complaint and seek denial of the Defendants' Motion to Dismiss.

## I.      INTRODUCTION.

Through sleight of hand, Defendants' "motion" seeks dismissal of a fact-packed Complaint establishing 9 claims that are not governed by a written contract. Defendants claim "each of Plaintiffs' claims arise out of the Agreement", but that is false, and that the breach claim fails as a matter of law. (See Defendants' MTD. 4:3-4.)  In actuality, Plaintiffs' Complaint alleges causes of action for violations of California Business & Professions Code §17200, common law negligence, an accounting, money had and received, etc.  These claims are not governed by the purported "Agreement" and each of the claims are based upon factual assertions made within the Complaint.

### A. Defendants failed to meet and confer prior to filing the Motion to Dismiss

California Central District Local Rule 7-3 requires counsel to meet and confer in an effort to find resolution regarding a contemplated motion. The meet and confer must occur seven days before filing of the motion.  Regarding the instant Motion to Dismiss, Defendants' attorney failed to meet and confer with Plaintiffs' counsel at any time prior to filing. (See Declaration of Majid Foroozandeh ¶ 1, filed concurrently under separate cover.)  The Court may disregard the Motion to Dismiss due to the filing party's failure to meet and confer prior to filing.

//

//

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

**B. Should the Court grant any portion of the Motion, Plaintiffs' request leave to amend.**

Plaintiffs maintain that the arguments set forth in this Opposition warrant denial of Defendants' dismissal, and transfer request. However, in the event the Court grants any portion of Defendants' Motion, Plaintiffs request leave to amend, including amendment for the possibility of adding additional counts and/or defendants.

Plaintiffs can cure any defects via amendment. See *Ebner v. Fresh, Inc.,* 838 F.3d 958, 963 (9th Cir. 2016); Alston v. Parker, 363 F.3d 229, 235 (3rd Cir. 2004).

## II.    PLAINTIFFS' COMPLAINT PLEADS FACTS TO SUPPORT EACH COUNT, AND CONTRARY TO DEFENDANTS' ARGUMENTS, THE COURT MUST REVIEW THE ALLEGATIONS IN THE LIGHT MOST FAVORABLE TO PLAINTIFFS.

Rules 12(b)(6) challenges the legal sufficiency of the complaint. (FRCP 12(b)(6).) Dismissal for failure to state a claim is appropriate where a plaintiff alleges facts that show a complete bar to recovery. For purposes of Rule 12(b)(6), "claim" is defined as a set of facts that, if established during discovery, would entitle the plaintiffs to relief. (*Bell Atlantic Corp. v. Twombly,* 550 US 544, 555, 127 S.Ct. 1955, 1964-1965 (2007).) Thus, a Rule 12(b)(6) dismissal would only be warranted where the Complaint fails to allege sufficient facts "to support a cognizable legal theory." (*Caltex Plastics, Inc. v. Lockheed Martin, Corp.,* 824 F.3d 1156, 1159 (9th Cir, 2016).)

Under Rule 12(b)(6) the Court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." (*Rescuecom Corp. v.*

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

*Google, Inc.,* 562 F.3d 123, 127 (2nd Cir. 2009); *Doe v. United States,* 419 F.3d, 1058, 1062 (9th Cir. 2005).)

While the Defendants' MTD asserts hearsay counter-facts, those must be disregarded at the pleading stage and all reasonable inferences must be drawn in favor of plaintiffs in determining whether the complaint states a valid claim. (*Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 595 (8th Cir. 2009); *Barker v. Riverside County Office of Ed.*, 419 F.3d, 1058, 1062 (9th Cir. 2009).)  While the MTD argues that Plaintiffs failed to provide accurate account information to Defendants, there is no evidence whatsoever before this Court at the pleading stage.

"It is not for the court to decide, at the pleading stage, which inferences are more plausible than other competing inferences." (*Evergreen Partnering Group, Inc. v. Partnering Group, Inc. v. Pactiv Corp.,* 720 F.3d 33, 45 (1st Cir. 2013); *Watson Carpet & Floor Covering, Inc. v. Mohawk Industries, Inc.* 648 F.3d 452, 458 (6th Cir. 2011) ["ferreting out the most likely reason for the defendants' actions is not appropriate at the pleading stage"].)

### A. The MTD cites facts that do not appear in the pleading and have no evidentiary basis in an effort to secure a dismissal of legitimate claims.

The MTD characterizes the allegations as a "confusing tale involving secret codes and ex-military personnel", in an effort to cast the pleadings in a false light, and states "the truth is much simpler." (See Defendants' MTD. 1:14-15.)  The MTD argues Plaintiffs did not have proper security protocols in place, and offer no admissible evidence on this, or any other claims made therein.  Essentially, Defendants are arguing a Rule 56 motion, and ignore the fact that the allegations are taken as true at this stage of the pleadings.  The allegations establish the conspiracy by Defendants' employees to defraud Plaintiffs and the actions committed by Defendants' employees

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

are extra-contractual and exist independent of the purported Agreement. (See Complaint ¶¶ 7-38.)  Thus, these acts trigger liability for non-contractual claims, as well as a breach of contract claim.  Each of the common allegations ¶¶ 7-38 are incorporated by reference into the nine counts. It is noteworthy that Defendants did not notice or move under FRCP 12(c) or 12(e). The allegations before the Court appear within the Complaint, and counter-factual statements that are not substantiated by admissible evidence would constitute an inappropriate basis upon which to grant dismissal.

### B. Breach of Contract is only one of the claims against the Defendants.

Defendants' MTD erroneously asserts that all of these claims arise out of a written Agreement and then seeks dismissal of the Count for breach of contract.  This is disingenuous at best.  Plaintiffs have pleaded counts I through IX as follows: fraud, breach of contract, accounting, breach of fiduciary duty, declaratory relief, conversion, unfair competition, negligence, and money had and received.  Paragraphs 7 through 38 of the Complaint plead facts that establish that Plaintiffs were defrauded by Cardconnect and Fiserv Corp. during 2021. The Complaint pleads Defendants Cardconnect and Fiserv intentionally and/or negligently failed to handle the point-of-sale transactions of Plaintiffs' businesses, as they had promised they would. (Complaint ¶11.) Thereafter, employees of Defendants falsely told Plaintiff Pirozzi that hundreds of thousands of dollars had been placed into unknown accounts not belonging to Plaintiffs.  (Complaint ¶¶ 12-13)  The Complaint alleges facts supporting fraud in that these employees of Defendants actually had created these alternate accounts, and falsely claimed that Plaintiffs had provided the account information.  In truth, Defendants' employees created said accounts in an effort to divert Plaintiffs'

property and to fraudulently withhold receipts from Plaintiffs to their own financial gain.

Plaintiffs then allege that multiple "ticket numbers" were opened by Defendants' employees and these employees told Plaintiff not to share this information with other of Defendants' employees. This caused Plaintiff to realize he may be the victim of intentional fraud by Defendants through their employees. (Complaint ¶¶ 14-17.)

Suspicious requests follow, wherein Plaintiff was instructed by Defendants' employees to sign documents that arrive in the mail, return them to a specific person (Bonnie Clark) and not to disclose any of the ticket numbers or other information to Clark. (Complaint ¶ 17-18.)

Defendants' MTD also cites a provision in a "Program Guide" claiming to restrict all damages Plaintiffs suffered to $50,000. (MTD 13:6-12.) The restriction is not contained in the Agreement, was not bargained for, and would not restrict recovery on a fraud claim since fraud was not contemplated by any agreement of the parties.

More importantly, Defendants' argument would allow them to defraud people for millions of dollars and limit their exposure to $50,000 total. The argument is so absurd it is unworthy of credence.

## III.   DEFENDANTS' MOTION FALSELY CLAIMS PIROZZI AND SALERNO LACK STANDING.

Each time the Complaint refers to "Plaintiffs" it includes Salerno, which is one of Plaintiff Pirozzi's businesses that was defrauded out of hundreds of thousands of dollars by Defendants' employees, including FISERV CORP. The MTD cites the

**Law Offices of Foroozandeh, APC**
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

Complaint out of context claiming that there are no allegations suggesting Plaintiff Salerno was a victim of fraud, misrepresentation and other unlawful acts warranting these causes of action. (See MTD 4:19-26.)  The Complaint expressly states that Pirozzi relied on the statements made (Complaint ¶¶ 7-17) to him which resulted in money owed to Salerno no longer being placed into Salerno's or Alessa's accounts. (Complaint ¶ 18.)  False statements made to Pirozzi by Defendants' employee (Delva) lead Plaintiff Pirozzi to rely on Defendants' claims and permitted Defendants' employees to gain his trust, only to unlawfully place Plaintiffs' (including Salerno's) receipts into accounts controlled by Defendants' employees. (Complaint ¶22.) Further,

¶ 23 asserts that Defendants' employees lured Plaintiff Pirozzi into only dealing directly with them, and told him he should refer to his knowledge of their background each time he called so that they would know they were dealing directly with Pirozzi. While Defendants' MTD asserts this is a confusing tale, these allegations are specific and identify 2021 as the year, "Delva, Heather, Bonnie Clark and Travis Billet" as the who (four of Defendants' management employees), through their intentionally false or misleading statements in their taking of Plaintiffs' assets from them and placing them in accounts controlled by Defendants' employees for their own benefit.

These acts caused Plaintiff Pirozzi to use credit cards and seek out loans so that he could keep Alessa and Salerno running. This in turn led to Plaintiffs sustaining damages through high interest rates and impact to their credit that would not have occurred without Defendants employees' fraud.

### A.  Count I for Fraud is properly pleaded.

The MTD seeks to dismiss the Fraud cause of action claiming it is not plead

**Law Offices of Foroozandeh, APC**
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

with specificity because in Defendants' view of the Complaint, the claim is based on paragraph 43 of the Complaint.  (See footnote on page 7 of Defendants' MTD.)  This is erroneous, as Count I of the Complaint incorporates paragraphs 7 through 38 ("common allegations").  Even Defendants admit in their footnoted argument that "paragraphs 7-38 allege numerous conversations between Plaintiffs and Cardconnect employees", but then wrongly insist those have "nothing to do with the alleged misrepresentations" in Count I. (See MTD footnote p. 7.)

This Complaint was initially filed in State Court, and has been removed by Defendants.  Accordingly, it is a matter of California law whether or not the claim sounds in fraud as pleaded and Federal courts must defer thereto. (*Republic Bank & Trust Co. v. Bear Stearns & Co. Inc.,* 683 F.3d 239, 247 (6th Cir. 2012); *Vessv. Ciba-Geigy Corp USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).)  Federal Rule of Civil Procedure, Rule 9, requires specificity but should be read in harmony with Rule 8's requirement of a "short and plain" statement of the claim. (*Sanderson v. HCA-The Healthcare Co.* 447 F.3d, 873, 876 (6th Cir. 2006).)

In *United States ex rel Grubbs v. Kanneganti,* 565 F.3d, 180, 186 (5th Cir. 2009), the Court held that Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading, but only requires "simple, concise, and direct" allegations of the circumstances constituting the fraud.  Although courts have required the pleading state the "who, where, what and when" of fraud, the Complaint before the Court achieves this in ¶¶ 7-38.  These paragraphs supply the facts of intentionally false statements made to Plaintiffs by Defendants' employees Delva, Heather, Bonnie Clark, and Travis Billet, in 2021, which secured Plaintiffs' reliance in diverting Plaintiffs' monies into accounts controlled by Defendants' employees for their own ill-gotten gain. Count

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

I expressly incorporates these allegations. (Complaint ¶ 39.) Paragraph 40 refers to a "writing" and also actions of Defendants' "agents and representatives" claiming they would place funds into the appropriate Bank of America accounts of Plaintiffs but did not do as promised.

### B. Plaintiffs were damaged by the fraudulent acts alleged.

Plaintiffs here have also alleged that the fraud committed upon them described in ¶¶ 7-38 and Count I, resulted in the imminent destruction of Plaintiffs' businesses and Plaintiffs plead that these intentional misrepresentations have caused Plaintiff Pirozzi to seek loans and use credit cards to cover the expenses so that his businesses can remain in operation. (Complaint ¶ 38.) Thus, the obvious harm to Plaintiffs' credit, and the interest paid on such loans and credit cards which continue to this day, are all damages due to the fraudulent acts of Defendants' employees and do not arise within the confines of a breach of contract claim, as Defendants erroneously claim. In other words, these damages are not contract damages, and are based solely on the fraudulent acts alleged in Count I by way of incorporation by reference.

Finally, Defendants tried to silence Plaintiffs by paying them approximately 50% of the monies that were rightly Plaintiffs. However, Defendants initially demanded Plaintiffs sign off on a release before they would give Plaintiffs back to them what was theirs in the first place. (Complaint ¶¶34-35.) Plaintiffs knew better than to sign any documentation to get their own funds from Defendants. (Complaint ¶40.) These allegations together with Complaint ¶¶7-38 sufficiently plead Fraud as to Defendants.

//

//

## IV. THE BREACH OF CONTRACT CLAIM IS SUPPORTED BY THE ALLEGATIONS IN THE COMPLAINT AND SHOULD NOT BE SUBJECT TO DISMISSAL.

Defendants' MTD asserts the breach claim is not sufficiently pleaded. (See MTD 5:1-28.) This argument is based upon the Motion's factual assertion that each of the acts of breach are explained away by a provision in the Agreement that refers to "Security of Information" (MTD 5:26-28) as well as to a provision that asserts that Defendant Cardconnect is not responsible for detecting errors. (MTD. 5:26 to 6:10.) Such arguments are premature at the pleading stage. (See Section II above.) In actuality, these provisions are not referring to or barring the allegations of intentional misrepresentations that Defendants' employees made to Plaintiff in an effort to place Plaintiffs Salerno's and Alessa's receipts into accounts established by said employees instead of Plaintiffs' accounts. The Complaint expressly states that the banking information used by Defendants' employees was not given to Defendants by Plaintiffs. (Complaint ¶¶ 18-35.)

It is noteworthy that the Declaration of Brent Maravent ¶4 asserts Plaintiff Pirozzi entered into the Agreement which Mr. Maravent marks as Exhibit "A". In actuality, the purported Agreement is unsigned. To enforce any provisions contained in Exhibit "A" is premature at this stage of the pleadings. The document does not become admissible based upon Defendants' attorney claiming it was entered into by one Plaintiff.

Even assuming the Agreement was valid, the cited provisions of the Agreement states "that transfers to and from the Settlement Account shall be based on the account number and routing number supplied by you." (See MTD 5:6-9.) Clearly, the

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

Complaint pleads that the numbers used by Defendants were not supplied by Plaintiffs. The MTD's assertion that Plaintiffs failed to provide accurate information or had poor safety protocols in place are unsupported by admissible evidence, and based upon an unsigned, unauthenticated Exhibit.

As to the argument that Fiserv is not a proper Defendant, "Cardconnect is a payments platform of Fiserv, focused on helping business of all sizes grow through the seamless integration of secure payment processing." (See website for CardConnect: https://cardconnect.com/company/about ; see Foroozandeh Decl. ¶¶3-4.) In fact Fiserv Corp. has always been the primary point of contact prior to filing of the Complaint. Furthermore, at the pleading stage facts have been pled concerning each causes of action concerning Fiserv Corp. and discovery where bear out its involvement and culpability. Therefore, breach of contract is properly plead against Defendants at this stage of the pleadings.

### A. Plaintiffs appropriately plead for an Accounting.

Complaint ¶54 expressly pleads "Plaintiffs have and hereby do demand an accounting." Yet, the MTD asserts Plaintiff never made a demand for an accounting and therefore the Count should be dismissed. (MTD 8:16-18.) Furthermore, the Complaint alleges a fiduciary relationship between Plaintiffs and Defendants, and the breach thereof. Thus, the counter-factual assertion in the MTD that the relationship is purely contractual and not fiduciary must be disregarded at the pleading stage. (MTD 8:16-18.) Additionally, the Complaint pleads hundreds of thousands of dollars in misappropriated funds that belong to Plaintiffs, which were diverted to accounts controlled and set up by Defendants' employees. (Complaint ¶¶ 7-38.) Therefore, the

//

**Law Offices of Foroozandeh, APC**
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

**Law Offices of Foroozandeh, APC**
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

MTD's assertion that Plaintiffs do not allege damages are disingenuous. (See MTD 9:7.)

Even assuming the MTD accurately represented omissions in the Complaint, the remedy would be leave to amend, and Plaintiffs have requested same.

### B. *Plaintiffs properly plead Conversion.*

The Motion disingenuously cites to only a portion of the conversion allegations in paragraph 66 in an attempt to mislead the Court regarding the completeness of the allegations. The entirety of the paragraph reads:

"Plaintiffs claim that Defendants wrongfully exercised control over their financial personal property in excess of $700,000 and refused to transfer said receipts since August 1, 2021, and continuing into the appropriate Bank of America accounts of Plaintiffs PIROZZI ENTERPRISES, LLC and CHEF ALLESANDRO PIROZZI, INC." (Complaint ¶ 66.)

The allegations sufficiently plead conversion and make assert that Defendants wrongfully exercised control over Plaintiffs' financial property. These allegations stand independent of the Breach cause of action. Therefore, dismissal would be inappropriate.

### C. *Negligence is properly pleaded.*

Defendants' MTD claims that since Defendants Cardconnect and Fiserv Corp are not alleged to be banks, the negligence claim fails. However, the allegation reads "Defendants breached the duty of care by failing to use the skill and care that reasonably careful bankers would have used in similar circumstances." (Complaint ¶83.) In essence, the Complaint alleges that this duty of care applies to these

Defendants, but it does not allege that these Defendants are banks. Whether or not the duty of care a reasonable banker would owe is the appropriate duty is a matter that will be born out in discovery. The Complaint need not allege that these Defendants are bankers themselves in order to apply the duty of care.

The duty of due care allegation could be amended, in the Court's discretion, to read that these same Defendants failed in their duty to act as any reasonable credit card point-of-sale provider should act under the circumstances. Thus, even assuming there is merit to the MTD in this regard, it is curable via amendment.

### D. Money Had and Received is an Appropriate Count.

Citing an obscure New York law that is not binding on the Court, the MTD claims Count IX must be dismissed. The allegations in Complaint ¶¶ 87-88 establish that Defendants are in possession of $302,601.64 of Plaintiffs' receipts, and said funds should be returned to them. This allegation, together with the common allegations, warrant the money had and received Count. Therefore, the MTD should be denied.

The elements of money had and received are: "(1) defendant received money belonging to plaintiff; (2) defendant benefitted from the receipt of money; and (3) under principles of equity and good conscience, defendant should not be permitted to keep the money." (*Middle E. Banking Co. v. State St. Bank Int'l,* 821 F.2d 897, 906 (2d Cir. 1987) (citation omitted).) Like unjust enrichment, "[a] cause of action for money had and received is one of quasi-contract." (*Melcher v. Apollo Med. Fund Mgmt. LLC*, 105 A.D.3d 15, 959 N.Y.S.2d 133, 142 (1st Dep't 2013).) "It allows plaintiff to recover money which has come into the hands of the defendant impressed with a species of trust because under the circumstances it is against good conscience for the defendant to keep the money." (*Parsa v. State*, 64 N.Y.2d 143, 148, 474 N.E.2d 235,

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

485 N.Y.S.2d 27 (1984) (citation omitted).

Each element is plead in the Complaint.  This Count is independent of the contract terms that Defendants cite, and the allegations indicate the Plaintiffs' funds have been taken and withheld unlawfully from Plaintiffs by the Defendants' employees.  Furthermore, it can be reasonably read from the allegations that there exists a sufficient relationship between the parties to establish that it would be against equity and good conscience for Defendants to keep Plaintiffs' money. Therefore, the Count for money had and received is proper and should not be dismissed.

### E.  California Business & Professions Code §17200 is supported by the allegations in the Complaint.

The Count for Unfair Competition arises under California law, as Defendant Cardconnect and Defendant Fiserv Corp. provided business services in California, to the Plaintiffs herein.  California Business & Professions Code §17200 reads:

"As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice <u>and</u> unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1." [Underscore added.]

The erroneous reference to §17500 in the Complaint notwithstanding, the violation of California Business & Professions Code §17200 is a valid Count against these Defendants.   The facts bear out that Defendants did business in California, and defrauded Plaintiffs out of substantial amounts of Plaintiffs' financial assets, placing Plaintiffs' businesses and credit at risk, and causing increased debt and interest to be paid by Plaintiffs.  These violations occurred in the State of California, and implicate Business & Professions Code §17200.  This Count should stand, as pleaded.

//

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

### F. Count X for violation of Penal Code §496 is proper.

Defendants' MTD refers to paragraph 92, which is a two-line sentence that is erroneous and should be disregarded. However, Complaint ¶¶ 89-91, 93-98 properly plead violation of California Penal Code §496. This cause of action against Defendants is actionable in civil court and does not implicate any written contract. Liability for monies stolen from Plaintiffs by Defendants, through their employees, will be established through discovery. It is not "duplicative of [Plaintiffs'] breach of contact claim", as the MTD argues. Instead, it is based upon Defendants' full knowledge that their own employees created false accounts that they controlled and transferred Plaintiffs' assets into those accounts for their own personal benefit.

After Plaintiffs made the corporate Defendants aware of this fraudulent activity committed by Defendants' employees, Defendants proceeded to withhold Plaintiffs' assets knowing that it did not belong to Defendants and was the property of Plaintiffs. These acts, as alleged in Count X, properly plead violation of California Penal Code §496. The fact that this Count is based upon California statute and not based upon any written agreement is further reason why the forum selection of the Eastern District of New York should not be applied here.

## V. THIS LAWSUIT SHOULD NOT BE TRANSFERRED TO THE EASTERN DISTRICT OF NEW YORK.

As an initial matter, seeking a transfer based upon a forum selection clause (MTD 14:19-20), should be by way of a motion to transfer under FRCP, Rule 12(b)(3), and 28 U.S.C. §1404. (*Altantic Marine Constr. Co. v. USDC*, 571 U.S. 49, 58, 134 S. Ct. 568, 579 (2013). FRCP Rule 12(b)(6), is ill-suited to seek transfer since the Complaint does not reference any forum selection clause, and the Court does

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

not consider evidence outside of the pleadings on Rule 12(b)(6) motions. (*Agueta v Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

While the MTD cites to §1404, the MTD appears to be noticed under Rule 12(b)(6), and not 12(b)(3). (See MTD 12:1-5; 14:27-28.)  Furthermore, there was no meet and confer regarding any forum selection clause or transfer motion prior to the filing of the MTD. (See Declaration of Majid Foroozandeh ¶1.)

The MTD argues a forum selection clause in the Agreement attached by Defendants mandates the transfer of this case to Suffolk County, New York. (MTD 14:16-28.)  Assuming Defendants' motion to transfer can be heard by way of a Rule 12(b)(6) motion to dismiss, to transfer the matter based upon one cause of action that implicates an unsigned Agreement would be overreaching. The purported Agreement did not sweep within its purview causes of action for fraud, Penal Coe §496, or claims for an accounting, money had and received, or conversion.

Even Defendants recognize the forum selection clause is solely implicated by the breach of contract claim against Cardconnect. For this reason, Defendants attempt to persuade the Court that this is a confusing tale amount to a single cause of action. In a Complaint which contains 9 Counts against two Defendants, *one of which argues it is not even a signatory to the Agreement,* this forum selection clause is irrelevant. The only claim possibly implicated is Count II, and that claim alone does not warrant sending this entire case to a remote Court in the Eastern District of New York.

Fiserv Corp. asserts that it is not a party to the Agreement. At the same time, Fiserv Corp. claims that Plaintiff should have known that any future claim it would have against Fiserv Corp. would have to take place in the Eastern District of New York, because of the unsigned Agreement with Cardconnect. (See MTD 19:14-25.) In

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

fact, the allegations against Fiserv Corp. include false representations Fiserv that support the fraud claim, and those actions are outside of the contract with Cardconnect. (See Complaint ¶¶35-40.)  Fiserv Corp is alleged to have diverted assets of Plaintiffs to accounts controlled by their employees, as an act of fraud against Plaintiffs. These allegations are not anticipated nor do they arise from the unsigned agreement.

For example, an employee of Cardconnect (Bonnie Clark) falsely claimed Plaintiff Pirozzi had already contacted her and changed banking information. Plaintiff protested this because Bonnie had spoken so often to him. Bonnie asserted that the person who called had a similar accent to Plaintiff Pirozzi. (Complaint ¶ 27.)  When Plaintiff heard this, he asked Bonnie to give him the banking info she allegedly had received from him; Bonnie refused. (Complaint ¶ 27.)  Thereafter, Travis Bellet told Plaintiff Pirozzi that the missing funds (now about $700,000) would be put into Plaintiffs' (Alessa and Salerno's) accounts, but he did not keep this promise. (Complaint ¶¶31-34.)

The allegations do not relate to the agreement, the agreement is unsigned, the Program Manual is unsigned, and there is no admissible evidence that would mandate that this case be sent to the Eastern District of New York. Furthermore, no meet and confer occurred prior to the filing, and a motion to transfer under Rule 12(b)(3) was not properly noticed.  Thus, Plaintiffs request the Court deny the requested transfer.

## VI.    CONCLUSION.

Plaintiffs maintain the MTD fails as to any of the claims allege, or alternatively Plaintiffs seek leave to amend.  Plaintiffs also maintain that this Defendants did not properly notice a motion to transfer and failed to meet and confer prior to filing the

Law Offices of Foroozandeh, APC
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

pleadings.  For the reasons set forth here, Plaintiffs ask the Court to deny the Motion to Dismiss.

Dated:  February 4, 2022                          Respectfully submitted,


                                                  Majid Foroozandeh, Esq.
                                                  ATTORNEYS FOR PLAINTIFFS

**Law Offices of Foroozandeh, APC**
23461 South Pointe Drive, Suite 385
Laguna Hills, CA 92653

**PROOF OF SERVICE**

(C.C.P. Section 1013 (a) and 2015.5)

At the time of service, I was at least eighteen years of age and not a party to this legal action. I am an employee of the Law Offices of Foroozandeh, APC. My business address is 23461 South Pointe, Drive, Suite 385, Laguna Hills, Ca 92653. I am readily familiar with the business practice for collection and processing correspondence.

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; DECLARATION OF MAJID FOROOOZANDEH IN SUPPORT THEREOF FILED CONCURRENTLY UNDER SEPARATE COVER; DECLARATION OF MAJID FOROOOZANDEH IN SUPPORT PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, TRANSFER; EXHIBITS**

[X] **Mail:** by placing a true copy thereof enclosed in a sealed envelope with first class    postage thereon fully prepaid in the United States Post Office at Irvine, California, addressed as set forth below on **February 4, 2022**

**CLERK'S OFFICE OF THE RONALD REAGAN FEDERAL BUILDING**
**411 W 4TH ST #1-053**
**SANTA ANA, CA 92701**

[ ] **Personal Delivery:** by causing to be hand delivered, a true copy thereof to the person at the address below.

[ ] **Federal Express:** by placing a true copy thereof enclosed in a sealed Federal Express envelope with postage fully prepaid at a facility regularly maintained by Federal Express, addressed as set forth below.

[ ] **Facsimile:** by causing a true copy thereof to be telecopied to the party at the facsimile number set forth below. The facsimile machine I used complied with rule 2003(3) and no error was reported by the machine. Pursuant to rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

[X] **E-Mail:** by electronically emailing through OneLegal provider e-service to the person at the e-mail address as E-Mail:

**John W. Peterson <john.peterson@polsinelli.com>**
**Bram Maravent (Coral Springs) <bram.maravent@Fiserv.com>**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct on **February 4, 2022**, at Laguna Hills, California.

_____
Danielle Efurd-Howe